```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
SHAUN NANAVATI,

                Plaintiff,

-against-

THE NEW SCHOOL FOR SOCIAL RESEARCH,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/15/2020
```

20 Civ. 935 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Shaun Nanavati, formerly a doctoral student at Defendant, The New School for Social Research ("The New School"), commenced this case in the Supreme Court of the State of New York, New York County, asserting claims under both federal and state law, seeking monetary damages and equitable relief for race, color, and ethnic origin discrimination. Compl. ¶ 1, ECF No. 1-1. Citing the federal claims asserted in the complaint, Defendant removed the action to this Court, pursuant to 28 U.S.C. § 1441(a). Notice of Removal, ECF No. 1 ¶¶ 13, 14. Plaintiff then amended his complaint, removing all federal claims, ECF No. 13, and moved to remand the action to state court. ECF No.14. For the reasons stated below, the motion is GRANTED and the case is remanded to state court.

## BACKGROUND

    On January 8, 2020, Plaintiff commenced this action in the Supreme Court of the State of New York, New York County. Compl. at 1. Plaintiff, a former doctoral student at The New School, brings claims for: (1) unpaid wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*; (2) unpaid wages in violation of the New York Labor Law ("NYLL"), NYLL § 190 *et seq.*; (3) discrimination pursuant to the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 290 *et seq.*; (4) discrimination pursuant to Title VI of the

Civil Rights Act, 42 U.S.C. § 2000d *et seq.*; (5) discrimination pursuant to 42 U.S.C. § 1981; and (6) discrimination pursuant to Article 8 of the New York City Administrative Code, N.Y.C. Admin. Code § 8-107 *et seq.*  *See* Compl. ¶¶ 35–105; *see also* Notice of Removal ¶ 4.

On February 4, 2020, Defendant removed the action to this Court on the basis of federal question jurisdiction.  Notice of Removal ¶ 13 ("Because [P]laintiff asserts these several purported claims presenting federal questions, this civil action properly is removed on the basis of this Court's original jurisdiction over the federal questions alleged in the [c]omplaint.").  On February 18, 2020, Defendant filed a pre-motion letter in accordance with the Court's Individual Practices in Civil Cases, requesting leave to file a motion to dismiss and setting forth the basis for the anticipated motion.  ECF No. 8.  The Court granted Defendant leave and directed that the motion to dismiss be filed by April 1, 2020.  ECF No. 11.  On March 31, 2020, after "re-consideration" of Defendant's proposed motion to dismiss, ECF No. 14, Plaintiff filed an amended complaint, which asserted only state law claims.  ECF No. 13.  Plaintiff filed the amended complaint "pursuant to Fed. R. Civ. P. 15(a)(1)(B)."  ECF No. 14; *see* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . .").

## DISCUSSION

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

In the removal context, "the presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal and a post-removal amendment of the complaint that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction." *Pac. Legwear, Inc. v. Sizemore*, No. 16 Civ. 2064, 2016 WL 2766664, at *2 (S.D.N.Y. May 11, 2016) (internal quotation marks and citation omitted). "[W]hen plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28 U.S.C. § 1367." *Spehar v. Fuchs*, No. 02 Civ. 9352, 2003 WL 23353308, at *7 (S.D.N.Y. June 18, 2003) (citing *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). As a general rule, however, "when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise [supplemental] jurisdiction over remaining state law claims." *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998); *see also Cohill*, 484 U.S. at 350 ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

This action is in the early stages of litigation. Other than the parties submitting pre-motion letters in anticipation of a motion to dismiss, and Plaintiff's filing of an amended

pleading, the case has not advanced materially.[1]  The parties have yet to attend an initial pretrial conference, let alone begin discovery.  *See* ECF No. 6. District courts typically remand actions under these circumstances.  *See, e.g.*, *Pac. Legwear*, 2016 WL 2766664, at *4 ("[T]he Court concludes that there is no reason to depart from that general rule.  Given the relatively early state of the case . . . and notwithstanding the fact that Plaintiff may well be engaging in some degree of forum shopping, the traditional 'values of judicial economy, convenience, fairness, and comity' that the Court must consider, do not counsel in favor of exercising jurisdiction." (citation omitted)); *Manginelli v. Homeward Residential, Inc.*, No. 13 Civ. 2334, 2013 WL 6493505, at *7 (E.D.N.Y. Dec. 9, 2013) ("In light of the withdrawal of all federal claims in this action prior to any court appearance, dispositive motion or discovery, and upon consideration of all relevant factors, i.e., judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over the remaining state law claims."); *Certilman v. Becker*, 807 F. Supp. 307, 310 (S.D.N.Y. 1992) ("The pleadings were amended early in the litigation with no prejudice to defendants, and a remand to state court would merely effectuate plaintiffs' original choice of a state forum.  In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated.").

Because this action is still in the early stages of litigation, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands the case to state court.  *See Tops Markets*, 142 F.3d at 103.

---

[1] Although Plaintiff filed his amended complaint on the eve of Defendant filing its motion to dismiss, any prejudice to Defendant is minor; Defendant will be able to file a nearly identical motion in state court that focuses only on Plaintiff's state law claims.

## **CONCLUSION**

Accordingly, for the reasons stated above, the matter is REMANDED to the Supreme Court of the State of New York, New York County.  The Clerk of Court is directed to remand the case to the Supreme Court of the State of New York, New York County and close the case.

SO ORDERED.

Dated: April 15, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge